CAPITAL ONE BANK, Plaintiff-Appellee,
v.
CATHERINE L. ELABAN, aka CATHERINE ELABAN, Defendant-Appellee, and JASON M. OLIVER, Party-in-Interest/Appellant
No. 28508
Intermediate Court of Appeals of Hawaii.
July 23, 2009.
On the brief:
Eric A. Seitz, Lawrence I. Kawasaki, and Della A. Belatti, for Party-in-Interest/Appellant.

SUMMARY DISPOSITION ORDER
WATANABE, Acting C.J., FOLEY, and NAKAMURA, JJ.
Party-in-Interest/Appellant Jason M. Oliver (Oliver) appeals from the "Order Denying [Oliver's] `Motion for Relief from Order Imposing Sanctions' Filed on November 27, 2006[,]" entered by the District Court of the First Circuit, Koolaupoko Division (district court)[1] on March 19, 2007. We reverse.
Oliver, as attorney for Plaintiff-Appellee Capital One Bank (Capital One), filed a complaint against Defendant-Appellee Catherine L. Elaban, also known as Catherine Elaban (Elaban) on March 21, 2006, seeking to collect $1,182.61 that Elaban owed on her credit-card account. At the return hearing on April 13, 2006, Elaban denied Capital One's claim, and the district court set trial for May 18, 2006.
On the scheduled trial date, Oliver sought a continuance because he had not received all the documents that he needed from Capital One, which was based on the mainland. Elaban objected, and the district court denied Oliver's request and ruled: "So, we're set for trial today. You have no evidence, I'm dismissing the case with prejudice."
On September 7, 2006, Capital One filed a motion to set aside the dismissal with prejudice or, in the alternative, redesignate the dismissal "without prejudice" and thereby allow Capital One to re-file and re-serve its complaint against Elaban. In his declaration of counsel in support of the motion, Oliver attached copies of monthly billing statements that Capital One had sent to Elaban, which provided evidentiary support that Elaban had exceeded her $300.00 credit-card limit and owed Capital One over a thousand dollars. Oliver also attached correspondence from Capital One's attorney to Elaban that informed Elaban of her delinquent account and invited her to call if she disputed the debt.
The district court denied Capital One's motion and sua sponte sanctioned Oliver $250.00, stating:
This is at best, at best, this should be a motion for a new trial, but it's not. Well, I will make the following findings that these documents in this file in this case were signed by you. The matter did come to trial on May 18th, 2006, at which time [Capital One] had no evidence. A verdict was rendered after trial in favor of [Elaban] and based on that, the case was dismissed with prejudice.
This [sic] we have here today, a motion to set aside the default and as I earlier stated, at best it should be a motion for a new trial. This is either a completely frivolous motion because you cannot set aside a dismissal after a trial, or it is a blatant attempt to shop for a different judge to get a different result, or both. Based on that, . . . I find you in violation of [District Court Rules of Civil Procedure (DCRCP)] Rule 11 [(1996)].
Based on our review of the record on appeal, and after examining the conduct described in DCRCP Rule 11 that can trigger sanctions, and in light of the evidentiary support provided by Oliver in support of Capital One's motion to set aside the dismissal, we agree with Oliver that the district court erred in imposing sanctions on Oliver pursuant to DCRCP Rule 11.
NOTES
[1] The Honorable Philip Doi entered the order.